FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM REED and JENNIFER REED, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance corporation,<br><br>Defendants. | No. 2:25-CV-00068-RLP<br><br>ORDER GRANTING MOTION TO RECONSIDER IN PART AND ADOPTING PROTECTIVE ORDER IN PART |

Before the Court is Defendant State Farm's Motion to Reconsider the Order Granting Motion for Protective Order in Part, ECF No. 45, and each of the parties' proposed Protective Orders, ECF Nos. 44, 46.  The motion was heard without oral argument.

On December 1, 2025, this Court entered an order granting in part State Farm's Motion for Protective Order. ECF No. 42. Relevant to this motion, the Court found good cause exists to issue a protective order for State Farm's claims handling materials and training materials to be disclosed during discovery. The

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 1

Court determined State Farm's interest in protecting such discovery from

disclosure to competitors could be protected by placing reasonable restrictions on

access to the materials by collateral litigants and set forth a process by which a

collateral litigant could apply to the Court for disclosed but protected materials. In

a footnote, the Court "decline[d] to require that a collateral litigant make a

preliminary showing of relevance . . ." ECF No. 42 at 12, n.2.

State Farm asks the Court to reconsider and contends that the Court's Order

declining to require a preliminary showing of relevance for collateral access to

protected discovery materials is contrary to the Ninth Circuit's "carefully

delineated procedure," "would usurp the discovery management authority of the

courts in collateral litigation," and "would eviscerate" State Farm's protections.

ECF No. 45.

Having considered the Motion and the prior Order, the Court concludes it is

premature and unnecessary to articulate a standard or process for collateral access

to protected discovery materials until and unless such access is requested and full

briefing on the issue can be presented. The Court grants the Motion to Reconsider

in that regard.

The Court has also considered the proposed Protective Orders submitted by

the parties. The Court recognizes that each party submitted a proposed order which

in different ways represents the Court's findings. Because State Farm's proposed

order is based on the well-considered and more detailed provisions of the Model

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 2

Stipulated Protective Order developed by the Western District of Washington, and

is modified consistent with this Court's prior Order, the Court adopts State Farm's

proposed Protective Order, with the exception of the sharing provision for

collateral litigants, Paragraph 4.2(h), which is eliminated pursuant to the discussion

above.

Accordingly, **IT IS HEREBY ORDERED**:

1. State Farm's Motion to Reconsider, **ECF No. 45**, is **GRANTED** in part as set forth herein.

2. State Farm's Protective Order, **ECF No. 44**, is **ADOPTED** in part as set forth below.

**PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action involves production of confidential, proprietary, and

private information for which this Court has held that special protection is

warranted. Dkt. 42. Accordingly, on the motion of State Farm Fire and Casualty

Company ("State Farm") and a showing of good cause, the Court enters the

following Protective Order (the "Order"). This Order is consistent with Federal

Rule of Civil Procedure 26(c) and this Court's previous order Granting in Part

State Farm's Motion for Protective Order (Dkt. 42). This Order does not confer

blanket protection on all disclosures or responses to discovery, the protection it

affords from public disclosure and use extends only to the limited information or

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 3

items that are entitled to confidential treatment under the applicable legal

principles, and as outlined below, and it does not presumptively entitle parties to

file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible

things produced or otherwise exchanged:

(a)      **Claims Handling and Training Materials** means the Trade Secret

and Confidential Operation Guides, Standard Claims Procedures and Jurisdictional

Guides, and training materials incorporating such Trade Secret and Confidential

Operation Guides, Standard Claims Procedures and Jurisdictional Guides identified

in the Declarations of Kevin Mosby, Sally Rauschendorfer, and John Carter.

(b)      **Personnel documents** are the documents that are responsive to

Request for Production 6, limited to: (1) the criteria by which the performance of

any and all persons responsible for investigation; (2) the evaluations or reviews,

including any disciplinary action, of any and all persons responsible for

investigation, evaluation and handling of the claim; (3) the compensation for any

and all persons responsible for investigation, evaluation and handling of the claim,

including but not limited to the criteria by which bonus or other special or

incentive compensation is determined; (4) the training of any and all persons

responsible for investigation, evaluation and handling of Plaintiffs' claim. This

includes compensation details and employee performance or evaluation materials.

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 4

Personnel Documents shall be redacted to eliminate irrelevant or personally

identifying information such as: social security numbers, dates of birth, tax

information, home addresses, family member information, and health care or

reasonable accommodation information.

(c)      **Renfroe Contract** is the contract between State Farm and E.A.

Renfroe & Co. ("Renfroe"). Only the financial information only contained within

the Renfroe Contract qualifies as confidential material.

3.      SCOPE

The protections conferred by this Order cover not only confidential material

(as defined above), but also (1) any information copied or extracted from

confidential material; (2) all copies, excerpts, summaries, or compilations of

confidential material; and (3) any testimony, conversations, or presentations by

parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information

that is in the public domain or becomes part of the public domain through trial or

otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1      Basic Principles. A receiving party may use confidential material that

is disclosed or produced State Farm in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. confidential material

may be disclosed only to the categories of persons and under the conditions

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 5

described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by State Farm, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 6

confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by State Farm or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. When filing confidential material or discussing or referencing such material in Court filings, the filing Party shall file the confidential material under seal. The confidential material shall be presumptively sealed for a period of fourteen (14) days to allow State Farm to determine whether a motion to seal is warranted, and to file such a motion before the Court. If State Farm does not file a motion to seal within the fourteen (14) day period, or if the Court finds good cause does not exist to maintain the documents under seal upon review and consideration of a motion to seal, the Court will unseal the documents.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 7

State Farm must take care to limit any such designation to specific material that qualifies under the appropriate standards. State Farm must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to State Farm's attention that information or items that it designated for protection do not qualify for protection, State Farm must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, *e.g.*, sections 5.2(b) and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 8

other pretrial or trial proceedings), State Farm must affix the word

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to each page that

contains confidential material. If only a portion or portions of the material on a

page qualifies for protection, State Farm also must clearly identify the protected

portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings:

the parties and any participating non-parties must identify on the record, during the

deposition or other pretrial proceeding, all protected testimony, without prejudice

to their right to so designate other testimony after reviewing the transcript. State

Farm may, within fifteen days after receiving the transcript of the deposition or

other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as

confidential. If State Farm desires to protect confidential material at trial, the issue

should be addressed during the pre-trial conference.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive

State Farm's right to secure protection under this Order for such material. Upon

timely correction of a designation, the receiving party must make reasonable

efforts to ensure that the material is treated in accordance with the provisions of

this Order.

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 9

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to State Farm's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, State Farm may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on State Farm. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 10

the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify State Farm in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by State Farm whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing State Farm of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 11

unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    NON TERMINATION AND RETURN OF DOCUMENTS

9.1    Within 60 days after the termination of this action, including all appeals, each receiving party must shred (if paper) or delete (if electronic) all confidential materials, as well as all copies, extracts, notes, reports, memoranda, summaries, or other documents containing such confidential information. Alternatively, the parties may agree upon appropriate methods of destruction.

9.2    Notwithstanding this provision, counsel may retain one archival copy of: all documents filed with the court; trial, deposition, and hearing transcripts; deposition and trial exhibits; expert reports; and attorney work product. Any such documents that contain confidential material shall remain subject to all requirements of this Protective Order for a period of seven (7) years after the termination of this action, including all appeals. Counsel's one archival copy is for the sole and exclusive purpose of complying with any Rule of Professional Conduct and ethical obligations owed to their respective clients. After the expiration of the seven (7) year period provided herein, all documents that contain confidential material must be shredded (if paper) or deleted (if electronic).

9.3    The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating Party agrees otherwise in writing or a court

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 12

orders otherwise. The obligations of this Protective Order shall survive the

termination of this action and continue to bind the Parties, their counsel, and

experts and consultants receiving Confidential information under 4.2. The Court

will have continuing jurisdiction to enforce this Protective Order irrespective of the

manner in which this action is terminated.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter

this Order and to provide copies to counsel.

**DATED** December 19, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER GRANTING MOTION TO RECONSIDER IN PART ~ 13